**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 99-6376

LEROY BOONE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-90-149-N, CA-96-372-2)

Submitted: March 7, 2000

Decided: March 22, 2000

Before MURNAGHAN, WILLIAMS, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Leroy Boone, Appellant Pro Se. John Paul Corcoran, Jr., OFFICE OF
THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Leroy Boone appeals from the dismissal of his 28 U.S.C.A. § 2255 (West Supp. 1999) motion. Because Boone's notice of appeal was received in the district court after the appeal period, we remanded to the district court and instructed the district court to obtain information regarding the date that Boone delivered his notice of appeal to prison officials and to determine whether any of Boone's filings should have been construed as a motion to extend the time to appeal. See Houston v. Lack, 487 U.S. 266 (1988) (notice considered filed as of the date Appellant delivers it to prison officials for forwarding to the court).

On remand, the district court issued an order finding that Boone's appeal was not timely filed and that Boone did not file a motion for an extension. An appellate court cannot disregard a district court's factual findings absent clear error. A finding is "clearly erroneous" when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Based on our review of the record, we find that the district court did not clearly err in finding that Boone's notice of appeal was untimely and that Boone did not file a motion to extend.

Boone's failure to note a timely appeal or to obtain either an extension or a reopening of the appeal period leaves this court without jurisdiction to consider the merits of Boone's appeal. We therefore dismiss the appeal as untimely. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED